NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBBIE MILLIRON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | Civil Action No. 08-4149 (JLL) (ES)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED SETTLEMENT** |

WHEREAS, Plaintiff in the above-captioned action, Debbie Milliron ("Milliron"), and Defendant T-Mobile USA, Inc. ("T-Mobile") have reached a proposed settlement and compromise of the disputes between them and other similarly situated individuals in the Action and in Related Actions, which is embodied in the Settlement Agreement filed with the Court (Docket Entry # 12-2);

WHEREAS, Milliron and T-Mobile (the "Parties") have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement;

AND NOW, the Court, having read and considered the Settlement Agreement and the Motion For Preliminary Settlement Approval; and all capitalized terms used herein having the meaning defined in the Settlement Agreement;

AND the Court having heard oral argument regarding the Motion for Preliminary Settlement Approval; and for good cause shown;

IT IS, on this **19th day of February, 2009**, HEREBY ORDERED AS FOLLOWS:

1.	Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Classes, as falling within the range of possible final approval, and as meriting submission to the Settlement Classes for their consideration.

2.	For purposes of the Settlement only, the Court certifies under Fed. R. Civ. P. 23(b)(3) the Settlement Classes, which consist of

	a.	The "ETF Assessed Class," defined as all persons in the United States who were parties to a contract for a wireless telephone personal account and were billed a Flat-Rate ETF by T-Mobile and/or its legacy companies from July 23, 1999 until February 19, 2009. The ETF Assessed Class includes such persons whether or not they paid any portion of the ETF, whether to T-Mobile, any outside collection agency, or other third party to whom T-Mobile has assigned the rights to the ETF.

	b.	The "Subscriber Class," defined as all persons in the United States who were or are parties to a contract for a wireless telephone personal account with T-Mobile that included or includes a provision for a Flat-Rate ETF from July 23, 1999 until February 19, 2009, and who have not paid or been billed a Flat-Rate ETF.

3.	The Court preliminarily finds, solely for purposes of considering this settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements that class members are too numerous to be joined in a single action, that common issues of law and fact exist and predominate, that the claims of the class representative are typical of the claims of other class members and the class representative and her counsel can adequately protect the interests of the class, and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this action.

4. The Court appoints the law firms of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein; Seeger & Weiss LLP and Freed & Weiss LLC as Class Counsel for purposes of this settlement. The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

5. A Final Approval Hearing shall be held before this Court at **10 a.m. on June 24, 2009** at the United States District Court for the District Court of New Jersey, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (b) whether Class Counsel's application for attorneys' fees, costs, expenses and incentive awards should be approved; and (c) whether the Proposed Plan of Allocation submitted by Plaintiff should be approved.

6. Not later than **June 10, 2009**, ETF Counsel shall submit to Class Counsel a summary of the attorneys' fees they wish to seek as part of the Settlement. All other claims for attorneys' fees by ETF Counsel shall be deemed waived.

7. With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action.

8. The Court approves, as to form and content, the Mail Notice, long and short-form Publication Notices, and the Invoice Notice substantially similar to the forms attached as Exhibits C, D, E, and F to the Settlement Agreement, respectively.

 a. Mail Notice will be provided to those members of the ETF Assessed Class who T-Mobile's records indicate paid in full a Flat-Rate ETF (from January 1, 2006 to February 19, 2009). The Parties and the Settlement Administrator shall cooperate to take reasonable measures to eliminate duplicative entries, with the objective of ensuring to the extent practicable that any

3

Person or Account who is a member of the ETF Assessed Class receives not more than one Mail Notice even if such Person or Account paid in full more than one ETF.

  b. Those members of the Subscriber Class who are currently party to a contract with T-Mobile that permits the assessment of a Flat-Rate Early Termination Fee will be informed of the settlement as part of monthly customer statement mailings or by direct mail from the Settlement Administrator.

  c. The long-form Publication Notice will be published on the settlement website. The short-form Publication Notice will be published as follows:

    USA Today – two (2) consecutive weeks;

    Los Angeles Times – two (2) consecutive weeks;

    San Francisco Chronicle – two (2) consecutive weeks;

    New York Times – two (2) consecutive weeks;

    Washington Post – two (2) consecutive weeks;

    Chicago Tribune – two (2) consecutive weeks;

    Dallas Morning News – two (2) consecutive weeks; and

    Philadelphia Inquirer – two (2) consecutive weeks.

No later than **June 3, 2009**, the Settlement Administrator and T-Mobile shall file with the Court declarations attesting to compliance with this Order.

  9. The Court finds that the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan") described in Article IV of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the

terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10.     The Court further finds that the Notice Plan described in Article IV of the Settlement Agreement will adequately inform members of the Settlement Class of their right to exclude themselves from the Settlement Classes so as not to be bound by the terms of the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from the Settlement Classes, and therefore not bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked by **June 3, 2009**. Not later than **June 10, 2009**, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file with the Court, and T-Mobile's Counsel, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Classes, and the names of such Persons.

11.     Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

12.     Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, to Class Counsel's anticipated application for attorneys' fees and costs, or to the proposed Plan of Allocation of Settlement Proceeds. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve,

no later than **June 3, 2009**, a written notice of intention to appear together with supporting papers including a detailed statement of the specific objections made. As per Paragraph 15, any Settlement Class Member will have further opportunity to respond only to Class Counsel's application for fees and costs.

13. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to James E. Cecchi, Esq., Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 5 Becker Farm Rd., Roseland, New Jersey 07068; and for Defendant's Counsel, to Christopher B. Hockett, Esq., Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, California 94025. Only Settlement Class Members who have filed and served valid and timely notices of intention to appear, together with supporting papers, shall be entitled to be heard at the Final Approval Hearing.

14. On or before **June 17, 2009**, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of Final Approval of the Settlement Agreement; and (ii) any application for attorneys' fees and costs.

15. Any Settlement Class Member who has not submitted a request for exclusion from the Settlement may file an objection – solely to Class Counsel's application for attorneys' fees and costs – by **June 22, 2009.**

16. Pending Final Approval, T-Mobile and Class Counsel, either jointly or individually, may seek an injunction barring a Settlement Class Member or ETF Counsel from commencing or continuing to prosecute any lawsuit, administrative, or regulatory proceeding in any jurisdiction, against T-Mobile, based on or relating to the claims or causes of action that are to be released pending Final Approval of The Settlement.

17. The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a. The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

    b. The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    c. The assets of the Escrow Account are segregated from other assets of T-Mobile, the transferors of the payment to the Common Fund.

18. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order. The Final Approval Hearing may also, from time to time, be continued by order of the Court. To the extent the Court changes any dates or deadlines, Class Counsel shall update the dedicated website to reflect the change.

**IT IS SO ORDERED.**

Dated: February 19, 2009            _____
                                                  s/Jose L. Linares
                                            United States District Judge