## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DEBBIE MILLIRON, individually and on behalf
of all others similarly situated,
Plaintiff,
v.
T-MOBILE USA, INC.,
Defendant.

CIVIL ACTION NO.
2:08-cv-04149-JLL-ES

### DANIEL PHEE'S
### OBJECTIONS TO PROPOSED SETTLEMENT;
### OBJECTIONS TO PLAN OF ALLOCATION;
### OBJECTIONS TO CLASS CERTIFICATION;
### NOTICE OF INTENTION TO APPEAR; AND
### REQUEST TO SPEAK AT THE HEARING

To The Honorable District Judge:

Comes Now Daniel Phee ("Objector"), and files these Objections to the Proposed Settlement, Objections to the Plan of Allocation, Objections to Class Certification, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

### 1. Party Status

Objector is a member of the ETF assessed class. Objector received a postcard notice of his membership in the class, so he is presumably on the "ETF Payer Class Member List."

| | |
|---|---|
| Name: | Daniel Phee |
| Address: | 149 Honors Course Drive, Las Vegas NV 89148 |
| Current phone #: | 702-448-6558 |
| T-mobile phone #: | 702-354-1355 |

Objector's signature: _____

### 2. Notice of Intention to Appear and Request to Speak at the Hearing

Objector, through counsel, intends to appear at the hearing. Objector requests that Objector's Counsel be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

### 3. Objections to the Settlement and Plan of Allocation

The settlement and plan of allocation are not fair, reasonable, or adequate, and Objector objects to them, for the following reasons. All objections to the plan of allocation are objections to the settlement itself because the plan of allocation is an integral part of the settlement.

**3.1 The settlement and plan of allocation discriminate against ETF future payers who were charged an ETF before February 19, 2009 but paid or will pay the fee after that date**

The settlement discriminates against ETF assessed class members who were charged an ETF fee before February 19, 2009 but paid it after that date ("future payers"). Class members who paid the fee before February 19, 2009 ("past payers") are entitled to $125 under the settlement, but future payers are not entitled to that payment. February 19, 2009 is an arbitrary date that has no relevance to the strength or weakness of the claims in this case – it is simply the date the Court gave preliminary approval to the settlement.

The ETF assessed class is defined as all persons who were billed an ETF before February 19, 2009, the date of preliminary approval. Settlement Agreement p. 7, Article II (14). Thus, future payers who were billed the fee before that date, but had not paid the fee as of February 19, 2009, are in the class and will lose their rights under the settlement.

The Plan of Operation, Doc. 12-13, provides that the $125 benefit is only paid to class members who paid the fee in full "during the class period." Plan of Allocation, p. 3, para. 8 (a)(i). "Class period" is not defined by the Settlement Agreement or the Plan of Allocation, but presumably means the period from July 23, 1999 to February 19, 2009, the date of preliminary approval, which is the time period mentioned in the definition of the ETF Assessed Class. Settlement Agreement p. 7, Article II (14). Moreover, the claim form confirms that payments made after February 19, 2009 are not covered, as it requires the claimant to state: "I certify under penalty of perjury that I paid in full a flat-rate ETF to T-Mobile, a collection agency, or other third party to whom T-Mobile assigned the rights to the ETF on or before February 19, 2009." Thus, future payers are not entitled to the $125 payment.

The settlement and plan of allocation are not fair, reasonable, or adequate, and Objector objects to them, because they discriminate against future payers.

**3.2 The settlement and plan of allocation provide that future payers receive no benefits from the settlement, but lose their rights against Defendant**

Not only are future payers denied the $125 benefit under Plan of Allocation, p. 3, para. 8 (a)(i), they receive *no benefits at all* under the settlement and plan of allocation. They are not entitled to the $25 payment under Plan of Allocation, p. 3, para. 8 (a)(ii) because they did not pay the fee in full *during the class period*. They are not entitled to the $25 payment under Plan of Allocation, p. 3, para. 8 (b) because they *did* pay the fee in full. They are not entitled to the $25 payment under Plan of Allocation, p. 3, para. 8 (c) because they *were* charged the ETF. Future payers – ETF assessed class members who were charged an ETF fee before February 19, 2009 but paid it after that date – are not entitled to any recovery under the settlement or plan of allocation.

Therefore, the settlement and plan of allocation are not fair, reasonable, or adequate, and Objector objects to them, because they provide no relief for future payers but waive their claims against Defendant.

### 3.3 The claim requirement for ETF class members on the "ETF Payer Class Member List" is unreasonable

The settlement is not fair, reasonable, or adequate, and Objector objects to it, because the requirement that class members on the "ETF Payer Class Member List" must file a claim to receive their benefit is not fair, reasonable, or adequate. The "ETF Payer Class Member List" is defined in the settlement agreement as:

> [A] list of T-Mobile account holders that T-Mobile's records indicate are members of the ETF Assessed Class who paid in full a Flat-Rate ETF on or after January 1, 2006.

Settlement Agreement p. 7, para. 15. Thus, each person on that list is entitled to a payment of $125 under the settlement (unless their payment was made after February 19, 2009). Plan of Allocation, p. 3. No other information is necessary to determine that these class members are entitled to a payment. The Plan of Allocation provides:

> "Allowed Claims" Where Claimant Submits Adequate Proof *or* T-Mobile Records Confirm Amount Paid.

Plan of Allocation, p. 3, para. 8 (a)(i) (emphasis added). Each Claimant on the ETF Payer Class Member List is a class member for whom T-Mobile's records establish the right to payment. There is absolutely no need for them to have to file a claim form because T-Mobile has already determined they are entitled to a payment.

The claim filing requirement is particularly troubling because the claim form requires information that claimants may not have and that is not necessary to determine eligibility. See the discussion below. Thus, for instance, a class member on the ETF Payer Class Member List who is unable to find information required by the claim form – like the dates of their contracts – may not file a claim because the claim form clearly states that "IT IS IMPORTANT THAT YOUR CLAIM FORM IS COMPLETE."

The claims filing requirement will substantially reduce the number of class members who actually receive money in exchange for the release. There is no reasonable justification for having ETF Payer Class Member List class members file a claim rather than simply sending them checks. The claims administrator already has all the information necessary to confirm these class members are entitled to the $125 check.

### 3.4 Claim form requires unnecessary information that class members may not have

The settlement is not fair, reasonable, or adequate, and Objector objects to it, because the settlement claim form requires information that is not necessary to determine the class member's eligibility for payment.

For example, the Claim Form requires the class member to state the dates of wireless service contracts. Most class members will not know those dates. While the class member may think to call T-Mobile to obtain that information, the Claim Form expressly prohibits them from doing so: "Do not call or write to T-Mobile, T-Mobile's Customer Care, T-Mobile's lawyers, or the Court regarding the Settlement, benefits or Claim Form." The Claim Form goes on to state that leaving the item blank will nullify their claim: "IT IS IMPORTANT THAT YOUR CLAIM FORM IS COMPLETE AND YOU HAVE SUPPLIED ANY REQUIRED DOCUMENTATION. ... If you provide incomplete, incorrect, or inaccurate information, your claim may be denied."

For a class member who paid an ETF fee, the dates of wireless service contracts are not relevant to their right to a payment. The right to a payment is based on the date of assessment of the charge, not the contract dates. Either T-Mobile's records or the documents provided will establish that date. The contract dates are irrelevant.

As another example, the claimant must state the date the flat-rate ETF was charged. All that is necessary to determine eligibility is to determine whether it was charged on or after July 23, 1999, and that is all the claimant should have to state. Moreover, for class members on the ETF Payer Class Member List, T-Mobile already knows the date. Most claimants will not know the exact date of the charge given the almost ten year period covered. Again, they are instructed not to call T-Mobile to obtain that information. In the absence of having that exact date, they will reasonably assume that their claim is not valid.

A similar problem exists with the requirement of the date the flat-rate ETF was paid.

These unnecessary claim form requirements, in conjunction with the instruction that the form must be complete and the instruction not to call T-Mobile, will mean that many class members who are entitled to compensation will not make a claim and will not receive the compensation to which they are due.

**3.5 Plan of allocation is part of the settlement**

The settlement is not fair, reasonable, or adequate, and Objector objects to it, because the parties attempt to separate the approval of the settlement and approval of the plan of allocation. Settlement Agreement p. 15, Article III (2) ("the Common Fund shall be distributed pursuant to a Plan of Allocation to be adopted by the Court separately from the approval of the settlement"). That is not permissible as the plan of allocation is a material part of the settlement. A settlement that gives preferential treatment to some class members at the expense of others is not fair, reasonable, or adequate. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-628 (1997). Thus, to determine whether the settlement is fair, reasonable, or adequate, the Court must consider the plan of allocation as a material part of the settlement. The plan of allocation is so important, the MANUAL FOR COMPLEX LITIGATION 4th lists it as the first item for consideration:

> Rule 23(e)(1)(C) establishes that the settlement must be fair, reasonable, and adequate. *Fairness calls for a comparative analysis of the treatment of class members vis-à-vis each other …*

MANUAL FOR COMPLEX LITIGATION 4th, §21.62, p. 315 (emphasis added).  Thus, the Plan of Allocation is a material term to the settlement and the parties cannot avoid judicial review of the settlement as a whole, taking into account the allocation of settlement proceeds, merely by deeming the Plan of Allocation to be a separate consideration.

**3.6 Insufficient time to review attorneys' fees and expenses**

The settlement is not fair, reasonable, or adequate, and Objector objects to it, because it provides for insufficient time for class members to review the request to take attorneys' fees out of the common fund.  Notice of the motion for attorneys' fees must be, for motions by class counsel, directed to class members in a reasonable manner.  FED. R. CIV. P. 23(h)(1).  The preliminary approval order provides that class counsel are to file their request for fees on June 17, and that class members have only until June 22 to file an objection.  Preliminary Approval Order, p. 6. One week to review and object to a request for millions of dollars in fees is not reasonable.

**3.7   The Settlement Agreement is unfair, unreasonable, and inadequate because $4.5 million in attorneys' fees to Class Counsel are excessive.**

The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement because $4.5 million in attorneys' fees is excessive.  The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict … The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335.

Although Class Counsel is not yet required to file their fee request, the notice presumes they will seek $4.5 million.  Since notice costs come out of the $11.5 million fund, the requested fees exceed 40% of the common fund after notice costs.  That is unreasonable on its face.

Objector incorporates as objections to the settlement any objections to the attorneys' fees that he files in this cause.

**3.8   The parties failed to meet their burden of proof that the total settlement to the class would be fair, reasonable, or adequate.**

Objector objects to the settlement because the parties have failed to meet their burden to prove that the amount of the settlement is fair, reasonable, and adequate.  The burden of proof is on the settlement parties, not objectors:

At the fairness hearing, the proponents of the settlement must show that the proposed settlement is 'fair, reasonable, and adequate.' [979]

979. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 316 (3d Cir. 1998) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995));

Manual For Complex Litigation 4th, §21.634, p. 322.

### 4. Objections to Certification

#### 4.1 The notice is defective because it misleads future payers

The notice provides that class members who paid a flat-rate ETF are entitled to the $125 payment, regardless of when they paid the fee: "If you can prove you paid a flat-rate ETF, or T-Mobile's records indicate you paid a flat-rate ETF, you may submit a Claim Form and receive up to $125." Notice at p. 3, Item 6. As shown above, however, those class members who paid the fee after February 19, 2009 are *not* entitled to receive up to $125. Thus the notice is fatally defective. The court should not certify the class until a corrected notice is sent to class members.

#### 4.2 Separate class representatives and counsel are required for past and future payers

The settlement represents the very discrimination against future claimants that the Supreme Court rejected in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). Since the settlement sets up different recoveries for past payers and future payers, separate class representatives and counsel should be appointed to represent those two groups. *See, e.g. Amchem Prods., Inc. v. Windsor*, 521 U.S. at 627 ("the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups."). As the Supreme Court summarized in *Ortiz*:

> [I]t is obvious after *Amchem* that a class divided between holders of present and future claims (some of the latter involving no physical injury and attributable to claimants not yet born) requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. See Amchem, 521 U.S., at 627, 117 S.Ct. 2231 (class settlements must provide "structural assurance of fair and adequate representation for the diverse groups and individuals affected"); cf. 5 J. Moore, T. Chorvat, D. Feinberg, R. Marmer, & J. Solovy, Moore's Federal Practice § 23.25[5][e], p. 23-149 (3d ed.1998) (an attorney who represents another class against the same defendant may not serve as class counsel).FN31
>
> FN31. ... In *Amchem,* we concentrated on the adequacy of named plaintiffs, but we recognized that the adequacy of representation enquiry is also concerned with the "competency and conflicts of class counsel." *Id.*, at 626, n. 20, 117 S.Ct. 2231

... ; see also 5 Moore's Federal Practice § 23.25[3][a] (adequacy of representation concerns named plaintiff and class counsel).

*Ortiz*, 527 U.S. at 856.  Thus, the court should not certify the class without appointing separate class representatives and counsel for the past and future payers.

## 4.3 Inadequate class representative

Objector objects to certification of the settlement class because the class representative is not an adequate representative of class members who have paid the ETF.  The "dominant concern" in class action settlements is to ensure adequate representation and that intra-class conflicts do not exist:

> Thus, regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23. In making this analysis, the district court may take the terms of the proposed settlement into consideration. The central inquiry, however, is the adequacy of representation.  Thus, "[s]ubdivisions (a) and (b) [of Rule 23] focus court attention on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives. That dominant concern persists when settlement, rather than trial, is proposed."

*In re Community Bank of Northern Virginia,* 418 F.3d 277, 300 (3rd Cir. 2005)(citations omitted); *see also, Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999).  The MANUAL FOR COMPLEX LITIGATION also says that if significant differences in interests exist between different groups within the class, the certification must create subclasses, with separate representatives and class counsel for each subclass.  MANUAL FOR COMPLEX LITIGATION 4th, §21.23, p. 272.

Here there is a fundamental difference between ETF assessed class members who did, and did not, pay the fee.  Damages for those who paid the fee are straightforward:  the amount of the fee. Damages for those who did not pay the fee are extremely tenuous and difficult if not impossible to prove.

The named Plaintiff is not an adequate representative for ETF assessed class members who paid the fee because she did not pay the fee.  Original Complaint, Doc. 1, p. 6 Para. 28.

## 4.4 Notice is defective:  failure to notify about right to object to the Plan of Allocation

The parties have attempted to separate the approval of the settlement and approval of the plan of allocation. Settlement Agreement p. 15, Article III (2) ("the Common Fund shall be distributed pursuant to a Plan of Allocation to be adopted by the Court separately from the approval of the settlement").  The Court's preliminary approval order, Doc. 17, provides that the court will consider at the June 24 hearing both approval of the settlement and approval of the plan of allocation.

The notice, however, fails to inform class members of the right to object to the plan of allocation. It provides that class members may object to and be heard regarding approval of the settlement. Notice p. 4, Para. 12.   However, it wholly fails to disclose the right to object to the Plan of Allocation.   The Plan of Allocation is as critical to a class member as the settlement itself because the Plan of Allocation determines what relief they will receive.   Thus, the notice should have informed class members of the right to object to and be heard on the approval of the Plan of Allocation.

Wherefore, Objector prays that the Court not certify the proposed settlement class, disapprove the proposed settlement and the proposed plan of allocation, and grant Objector such other and further relief as to which she may be entitled.

ROBERT E. MARGULIES, ESQ.
(REM 0499)

MARGULIES WIND
A Professional Corporation
Harborside Plaza 10
3 Second Street – Suite 1201
Jersey City, NJ 07311
201-333-0400
201-333-1110-fax

JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
Texas State Bar No. 21096450
518 East Tyler Street
Athens, TX   75751
903/677-5333
903/677-3657 – facsimile
*Subject to Court Approval Pro Hac Vice*

**ATTORNEYS FOR OBJECTOR**