Steve A. Miller
**STEVE A. MILLER, P.C.**
1625 Larimer St., No. 2905
Denver, Colorado 80202
Telephone: 303-892-9933
Facsimile:   303-892-8925

RECEIVED, CLERK
U.S. DISTRICT COURT

2009 JUL -2  P 2: 50

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **Debbie Milliron**, individually and<br>on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br><br><br>**T-Mobile USA, Inc.,**<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08-04149 (JLL) (ES)<br><br>   Combined Objection ,<br>   Entry of Appearance and<br>   Intent to be Heard |

COMES NOW, Thomas A. Carder, Kimberley Lyons and Aaron Miller, ("Objectors") by and through their undersigned attorney and file this Objection to the Proposed Settlement in this matter. In support thereof, Objectors state as follows:

1.     Your Objectors are identified as Class Members having been T-Mobile Wireless customers in the U.S. who had a contract with T-Mobile Wireless within the class period (between July 23, 1999 to February 19, 2009) for personal wireless telephone service which includes or included a provision for a flat ETF. For purposes of this Objection the address and telephone numbers of the Objectors are in care of the undersigned.

2.     The Proposed Settlement is intended to benefit all Class Members, consistent with Federal Rules of Civil Procedure and applicable law. Thus any such settlement must be fair, adequate and reasonable to those Class Members.

3.     The Court has preliminarily approved an agreement between Defendant and class representatives to settle this matter (the "Proposed Settlement").

4.     Objectors have become sufficiently acquainted with the Proposed Settlement and believe, as well as allege, that the Proposed Settlement is not fair, adequate or reasonable, all of which criteria are legal standards to be applied by this Court in determining whether to approve the Proposed Settlement as presented to the Court by adverse litigating parties. It is the duty of this Court to assure itself, the class and the public that the applicable and governing criteria material to the Proposed Settlement are present.

5.     On behalf of Objectors, the undersigned counsel now enters his appearance in this cause to participate in further proceedings in this Court and to prosecute this action to the end purpose that any settlement or resolution proposed or approved by the Court is, in all respects, fair, adequate and reasonable.

6.     On the basis of the information ascertained from the Proposed Settlement conditionally approved by the Court, your Objectors identify the following specific deficiencies which should be addressed and corrected in order for any settlement to be fair and reasonable to the Settlement Class Members and provide adequate consideration for the general release of their substantial claims against Defendant:

a.     The notice and settlement agreement includes in the Class definition not only those T-Mobile customers who paid or were charged an ETF during the class period, but also those T-Mobile customers whose contract with T-Mobile during the class period includes or included a provision for

payment of a flat ETF, even if such customer has not paid or been charged for an ETF. Your Objectors are individuals whose T-Mobile contract (which existed during the class period) contained an ETF, but said Objectors have never incurred an ETF charge. Those members who have paid or been charged an ETF will be entitled to consideration in exchange for their release of claims as a result of such class members being eligible to file a claim. On the other hand, class members such as your Objectors are receiving no consideration because the settlement explicitly provides that existing contracts are not required to be modified and there is no consideration for customers who kept their contracts until terminated to avoid paying the ETF. Therefore, the settlement is an illusion with regard to class members such as your Objectors. It is common knowledge that fixed ETF charges serve the purpose of deterring customers from switching wireless carriers, in light of the substantial penalty of the fixed ETF. Class Members such as your Objectors not only have been deterred in the past, but will continue to be deterred from switching wireless carriers throughout the remaining term of their contract with T-Mobile. This result is inherently unfair and unreasonable to those class members such as your Objectors who have suffered or continue to suffer legal injury as a result of the illegal penalty which has or will continue to be contained in their contracts, thus preventing your objectors from receiving any settlement benefit at all. Furthermore, a class settlement cannot be approved where it is fair as to some class members but not as to others. *Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591, 627. It is irrelevant that it might be "fair" to the settlement class as a whole if it is unfair to a discreet subclass. *Amchem*, 521 U.S. at 627. All subgroups' claims must be fairly settled.

     b.    The settlement fund is inadequate in light of the total revenues T-Mobile has made during the class period from collecting ETFs and from collecting monthly revenues from customers who were unwilling to pay the ETF penalty in order to change to new service of other wireless carriers.

c.      T-Mobile should have available sufficient records with regard to the identity of class members so that settlement benefits could be disbursed without the necessity of a claims procedure, which history demonstrates causes a very low redemption rate.

d.      The class settlement at a minimum should provide that ETFs in existing contracts should be reduced monthly on a pro-rata basis.  Differences in the relief made available to different class members by a class action settlement must be "rationally based on legitimate considerations."  *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2001) 85 Cal. App. 4th 1135, 1162 (quoting *Holmes v. Continental Can Co.* (11th Cir. 1983) 706 F.2d 1144, 1148; *see also Amchem Products,* 521 U.S. at 626-27.  The settlement, here, irrationally and unfairly distinguishes between the members of the ETF Class who had paid ETFs and those who were subject to ETFs but had not yet paid an ETF.  Those who previously paid ETFs are eligible to make claims, but those who had not previously paid ETFs are not.  At first glance, the distinction between Class Members who paid ETFs and those who had not yet paid them may seem reasonable, but it is not when one considers that the Settlement expressly allows T-Mobile to continue to collect unpaid ETFs and to disregard the injury caused by the past and current threat of ETFs.  In other words, a Class Member who happens to have paid an ETF that was alleged to be illegal would be eligible to have it refunded.  But any Class Member who had not yet paid would be excluded, even though they would be subject to ETF payment provisions or had continued to pay monthly service fees to T-Mobile under the threat of an ETF.

e.      While the settlement explicitly provides relief in the form of prohibiting T-Mobile from imposing flat ETFs for customers who contract with T-Mobile in the next 24 months, the individuals and businesses who are future customers are not class members at all. This portion of the settlement results in the paradox of non-class members receiving a substantial benefit while class members such

as your Objectors receive no benefit. Obviously, it is unfair and unreasonable to existing class members who have not paid or been charged a flat ETF that their contracts will continue to require payment of the full ETF or were subject to the full ETF, while numerous non-class members who signed contracts after the settlement will receive the benefit of no ETF or pro-rated ETFs.

f. The attorneys' fees claimed are excessive. Class Counsel are seeking fees of $4,500,000, which is 39% of the Common Fund of $11,500,000. In addition, the provisions of Article VI, paragraph 3 on page 24 of the Settlement Agreement clearly show that this settlement is fee driven in that the attorneys for the class have included provisions wherein they will be paid regardless of an appeal, reversal or voiding of settlement. Even though there is a repayment provision in the event the Final Approval Order is reversed for any reason, the inclusion of such a provision is evidence of the fact that class counsel has become more concerned about payment of their fee than benefit to the class.

7. Your Objectors adopt any other bona fide Objections by other Class Members. For all the foregoing reasons, Objectors respectfully submit that the terms of the Proposed Settlement are insufficient, unfair, unjust, unreasonable and inadequate to the absent Class Members.

**WHEREFORE,** having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, Objectors request appropriate general relief as follows:

(a.) That the Court not approve the Settlement as proposed.

(b.) That the Court not award the attorneys' fees as requested.

(c.) That the Court enters such other further Orders as may be necessary and just, to effect substantial justice in this cause between the parties and the absent Class Members.

## NOTICE OF APPEARANCE AND INTENT TO BE HEARD

1.  Notice is hereby given that the undersigned counsel for Thomas A. Carder, Kimberley Lyons and Aaron Miller intends to appear on behalf of said Class Members/Objectors at the Fairness Hearing scheduled on July 27, 2009 and requests to be heard. Any presentation will take no longer than 30 minutes.

2.  For purposes of this proceeding said Class Members/Objectors' address, phone number and contact information should be c/o undersigned counsel.

Respectfully submitted,

Steve A. Miller
Attorney for Objector
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, Colorado 80202
Ph# 303-892-9933
Fax: 303-892-8925

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2009, I have forwarded a true and correct copy of the foregoing Objection and Notice of Intent to Appear via overnight delivery as shown below, to the following:

Clerk of the Court
U.S. District Court
District of New Jersey
50 Market Street
Newark, New Jersey 07101

Christopher B. Hockett
**DAVIS POLK & WARDWELL**
1600 El Camino Real
Menlo Park, California 94025

James E. Cecchi
**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Road
Roseland, New Jersey 07068


_____
Steve A. Miller