**STACIE HAYES**
5407 Bryan Street, #A208
Dallas, Texas 75206
(214) 669-8955

**VIA CERTIFIED MAIL:**
Clerk of the Court
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**VIA CERTIFIED MAIL:**
James E. Cecchi, Esq.
c/o Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068

**VIA CERTIFIED MAIL:**
Christopher B. Hockett, Esq.
c/o Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025

> Re: **Civil Action No. 08-04149 (JLL) (ES);** *Debbie Milliron, Individually and on behalf of all others similarly situated vs. T-Mobile USA, Inc.;* **United States District Court for the District of New Jersey.**

To Whom It May Concern:

My name is Stacie Hayes (formerly Malek). I reside at 5407 Bryan Street #A208, Dallas, Texas 75206. My contact telephone number is (214) 669-8955. My previous T-Mobile telephone numbers were (972) 948-8925 and (361) 510-2210. I am a former T-Mobile wireless subscriber who paid or was charged a flat-rate ETF from July 23, 1999 to February 19, 2009, or my contract for service included a flat-rate ETF from July 23, 1999 to February 19, 2009. I object to the above-referenced matter for all the reasons stated below.

If T-Mobile's own records indicate I was charged or paid a flat rate early termination fee and that I am entitled to compensation were I to file a claim, I object on the basis that I would even have to file a claim in this case because T-Mobile has my current address above. I am making this objection also on behalf of the whole class.

The settlement is not fair, adequate and reasonable. Class members cannot know what they are receiving under the settlement, only that they will receive "up to" a certain amount. This is not fair – regardless of how many people file claims, T-Mobile should reimburse all of the flat-rate early termination fees. The distribution plan is also arbitrary and fails to take into account the

Clerk of the Court
July 1, 2009
Page 2 of 2

precise amount each class member paid for early termination fees. This also makes the class notice inadequate because insufficient information is provided for class members to determine whether to opt-out, etc... The defendant and class counsel have not met their burden of proof on whether this settlement is fair, adequate and reasonable specifically on this issue and in general.

The claims process is set up so it looks like individual class members are compensated more because less than the whole class will file claims. This process may be acceptable in certain cases, but under the circumstances of this case it is questionable.

Attorneys' fees and expenses are also excessive and objection is made on this basis as well.

Sincerely,

Stacie Hayes

Stacie Hayes
P407 Bryan St. #A208
Dallas, TX 75206

7008 3230 0001 7689 5821

Clerk of the Court
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101




UNITED STATES POSTAL SERVICE

1000   07101

U.S. POSTAGE PAID
ENNIS, TX
75119
JUL 01 '09
AMOUNT
$5.71
0009612906


