**PINILISHALPERN, LLP**
William J. Pinilis
237 South Street
Morristown, NJ 07960
Telephone: (973) 401-1111
Facsimile: (973) 401-1114
wpinilis@consumerfraudlawyer.com

**LAW OFFICES OF SCOTT A. BURSOR**
Scott A. Bursor
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
scott@bursor.com

*Attorneys for Proposed Intervenors Gary Hellman, Tamara Ruiz, and Margaret Gripaldi*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW YORK NEW JERSEY**

| | |
|---|---|
| **DEBBIE MILLIRON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**T-MOBILE USA, INC.**,<br><br>Defendant, | Civil Action No.: 08-4149 (JLL) (ES)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PAYMENT OF INCENTIVE AWARDS TO HELLMAN *ET AL.* AND FOR AWARD OF ATTORNEY'S FEES AND NONTAXABLE COSTS TO ETF COUNSEL** |

## TABLE OF CONTENTS

Introduction ................................................................................................................... 1

Argument ....................................................................................................................... 4

    I.     BOTH THE *MILLIRON* AND *HELLMAN* AGREEMENTS PROVIDE FOR THE PAYMENT ATTORNEYS' FEES AND EXPENSES TO ETF COUNSEL ................................................................................... 4

    II.    RULE 23(h) AUTHORIZES A FEE AWARD IN THESE CIRCUMSTANCES ............................................................................... 5

    II.    THE *MILLIRON* AND *HELLMAN* AGREEMENTS PROVIDE FOR THE PAYMENT OF INCENTIVE AWARDS TO HELLMAN *ET AL.* ...................... 6

Conclusion ..................................................................................................................... 7

Proposed intervenors Gary Hellman, Tamara Ruiz, and Margaret Gripaldi respectfully submit this memorandum of law in support of their motion for payment of incentive awards to Hellman *et al.* and for award of attorney's fees and nontaxable costs to ETF counsel.

## Introduction

All of the work done to litigate the class claims in this case was done outside this jurisdiction. The settlement was made here at a time when the *Milliron* docket had only eleven entries, which included the filing of a complaint, a summons, a notice of appearance, several applications and continuations concerning extensions of time, matters concerning pro hac vice appearances of counsel, and a motion to compel arbitration filed by T-Mobile:

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 08/18/2008 | 1 | COMPLAINT against T-MOBILE USA, INC. ( Filing fee $ 350 receipt number 2143270.) Jury Demand, filed by DEBBIE MILLIRON. (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(ld, ) (Entered: 08/20/2008) |
| 08/20/2008 | 2 | Summons Issued as to T-MOBILE USA, INC.. Days Due - 20.(SUMMONS MAILED TO COUNSEL) (ld, ) (Entered: 08/20/2008) |
| 09/17/2008 | 3 | NOTICE of Appearance by GAVIN J. ROONEY on behalf of T-MOBILE USA, INC. (ROONEY, GAVIN) (Entered: 09/17/2008) |
| 09/17/2008 | 4 | Application and Proposed Order for Clerk's Order to extend time to answer. (ROONEY, GAVIN) (Entered: 09/17/2008) |
| 09/19/2008 | 5 | NOTICE of Appearance by LINDSEY H. TAYLOR on behalf of DEBBIE MILLIRON (TAYLOR, LINDSEY) (Entered: 09/19/2008) |
| 09/22/2008 | | CLERKS TEXT ORDER - The Application for a Clerks Order Extending Time to Answer - Document 4 submitted by G. ROONEY on 9/17/2008 has been GRANTED. The answer due date has been set for 10/15/2008 (nr, ) (Entered: 09/22/2008) |
| 09/29/2008 | 6 | NOTICE of Appearance by JONATHAN THOMAS GULDIN on behalf of all defendants (GULDIN, JONATHAN) (Entered: 09/29/2008) |
| 10/01/2008 | 7 | STIPULATION AND ORDER extending deft's time to answer to |

1

| | | |
|---|---|---|
| | | 11/14/2008. Signed by Magistrate Judge Esther Salas on 10/01/2008. (nr, ) (Entered: 10/03/2008) |
| 11/18/2008 | 8 | STIPULATION AND ORDER extending deft's time to answer to 12/01/2008. Signed by Magistrate Judge Esther Salas on 11/14/2008. (nr, ) (Entered: 11/18/2008) |
| 12/01/2008 | 9 | MOTION to Compel *Arbitration or Stay Proceedings* by T-MOBILE USA, INC.. (Attachments: # 1 Declaration of Andrea Baca with Exhibits, # 2 Declaration of Gavin Rooney, Esq. with Exhibits A-D, # 3 Exhibit E-J of Rooney Declaration, # 4 Exhibit K to Rooney Declaration, # 5 Exhibit L to Rooney Declaration, # 6 Exhibit M-U to Rooney Declaration, # 7 Brief, # 8 Text of Proposed Order, # 9 Certificate of Service)(ROONEY, GAVIN) (Entered: 12/01/2008) |
| 12/09/2008 | 10 | MOTION for Leave to Appear Pro Hac Vice by T-MOBILE USA, INC.. (Attachments: # 1 Declaration of Gavin S. Rooney, # 2 Declaration of Neal Potischman, # 3 Declaration of Christopher Hockett, # 4 Declaration of Joshua Liston, # 5 Text of Proposed Order, # 6 Certificate of Service)(ROONEY, GAVIN) (Entered: 12/09/2008) |
| 12/09/2008 | | Set Deadlines as to 10 MOTION for Leave to Appear Pro Hac Vice. Motion set for 1/5/2009 10:00 AM before Magistrate Judge Esther Salas. The motion will be decided on the papers. No appearances required unless notified by the court. (nr, ) (Entered: 12/11/2008) |
| 12/22/2008 | 11 | ORDER granting 10 Motion for Neal A. Potischman, Christopher H. Hockett and Joshua D. Liston to Appear Pro Hac Vice. Signed by Magistrate Judge Esther Salas on 12/22/2008. (nr, ) (Entered: 12/24/2008) |
| 01/14/2009 | | Pro Hac Vice fee: $ 450., receipt number 200355084 re N. Potischman/C. Hockett/J. Liston (nr, ) (Entered: 01/15/2009) |
| 02/09/2009 | 12 | Joint MOTION for Settlement *for Preliminary Approval of the Class Action Settlement* by DEBBIE MILLIRON. (Attachments: # 1 Brief in Support of Motion for Preliminary Approval of Settlement, # 2 Stipulation and Agreement of Settlement, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Proposed Plan of Allocation of Settlement Proceeds, # 13 T-Mobile Early Termination Fee Settlement Claim Form, # 14 Declaration of James E. Cecchi, # 15 Exhibit A to Declaration of James E. Cecchi, # 16 Exhibit B to Declaration of James E. Cecchi, # 17 Exhibit C to Declaration of James E. Cecchi, # 18 Letter to Judge Linares)(CECCHI, JAMES) (Entered: 02/09/2009) |

As of February 9, 2009, when the parties submitted their motion for preliminary approval, there had been no actual litigation in this case. There was no motion practice, no discovery, and no hearings. Nothing. The mediation leading to the settlement lasted one day. *See* 2/18/09 Hearing Tr. at 13:11-12 ("MR. CECCHI: This mediation took one day, from beginning to end, a full day of mediation with Judge Wolfson, and we were able with his guidance, to achieve this settlement."). In a single day Mr. Cecchi and his co-counsel settled massive class action claims that had been litigated for nearly six years in California and Florida.[1] This accomplishment was achieved simply as a result of Mr. Cecchi and his co-counsel undercutting the settlement demands of the parties and counsel that had actually litigated the cases – and agreeing to settle for a mere fraction of the relief they were demanding.

The settlement agreement explicitly recognizes that it was litigation outside of the *Milliron* action that actually produced this settlement. Article I.5 references *Vaughan, et al. v. T-Mobile USA, Inc.*, Case No. RG03108118 (part of *In re Cellphone Termination Fee Cases*, JCCP 4332) (Calif. Superior Court, Alameda County), and (ii) *Hellman v. T-Mobile USA, Inc.*, Case No. 502004CA005061MB (Circuit Court of the 15th Judicial Circuit, Palm Beach County, Florida). These cases are identified in Article I.5 of the Settlement Agreement, and are defined as "Related Actions" in Article II.35 of the Settlement Agreement.[2] All of the actual work done litigating the class claims to bring about this settlement was done in *Vaughan* and *Hellman*. *See*

---

[1] The Declaration of Scott A. Bursor, submitted herewith, describes the lengthy and active history of the litigation of the *Vaughan* case in California and the *Hellman* case in Florida. By comparison to the *Milliron* docket, which had eleven entries at the time of settlement, the docket in the California action had more than four thousand entries. *See* Bursor Decl. Exh. 1.

[2] The Settlement Agreement references the *Vaughan* case as *Gatton et al. v. T-Mobile USA, Inc.*, Case No. RG03108118. The *Vaughan* case and *Gatton* are one and the same – involving the early termination fee claims against T-Mobile that were litigated as part of the coordinated proceeding, *In re Cellphone Termination Fee Cases*, JCCP No. 4332.

3

Bursor Decl. ¶¶ 3-61.  The proposed settlement will settle and release the claims pending in both *Vaughan* and *Hellman*.

### Argument

I.  **BOTH THE *MILLIRON* AND *HELLMAN* AGREEMENTS PROVIDE FOR THE PAYMENT OF ATTORNEYS' FEES AND EXPENSES TO "ETF COUNSEL"**

Article VI.3 of the settlement agreement provides for attorneys' fees in an amount not to exceed $4.5 million to compensate Class Counsel (*i.e.*, the *Milliron* counsel) and "ETF Counsel," (*i.e.*, the counsel that actually litigated the class's claims).  Article II.16 defines "ETF Counsel" to mean "any counsel other than Class Counsel that is prosecuting ETF-Related Claims against T-Mobile in any jurisdiction."

Consistent with the terms of the *Milliron* settlement agreement, T-Mobile and Hellman *et al.* sought to resolve the appropriate compensation for Hellman *et al.*'s counsel (the "Bursor Group") based on the work the Bursor Group had done litigating the class claims in *Vaughan* and *Hellman*, and additional work that the Bursor Group had done and agreed to do to support the parties' efforts to secure court approval of the *Milliron* settlement.  *See* Bursor Decl. ¶¶ 48-52.  After several discussions an agreement was reached providing for T-Mobile to support the Bursor Group's application for 40% of the total fees specified in Article VI.3.  This agreement was based on a frank evaluation of the work done by all counsel, in terms of both the amount of work and its contribution to the settlement.  The 40% allocated to the Bursor Group was deemed to be fair, reasonable and proportionate based on the judgment of T-Mobile's counsel and Mr. Bursor – both of whom have been actively involved in this litigation on every front, for nearly six years.  *See* Bursor Decl. ¶¶ 3-61.  The agreement provides:

> Pursuant to Article VI.3 of the Settlement Agreement, T-Mobile has agreed not to oppose or undermine Class Counsel's expected application for $4.5 million in attorneys' fees, an amount that is to

4

> be used to compensate both Class Counsel and ETF Counsel. T-Mobile further agrees that the Bursor Group are "ETF Counsel" as defined in Article II.16 of the Settlement Agreement, and that the Bursor Group may therefore seek attorneys' fees and costs in this action. T-Mobile agrees to support the Bursor Group's application for an allocation of attorneys' fees in the amount of 40% of the total fees specified in Article VI.3, as compensation for the Bursor Group's work litigating the "ETF-Related Claims" described in Article II.17 of the Settlement Agreement, and for the Bursor Group's work supporting this settlement. T-Mobile further agrees to support any request that the Bursor Group may make that fees and expenses should be paid to it on substantially the same terms, including with respect to the timing of payment, as payments of fees and expenses to Class Counsel pursuant to Article VI.3 of the Settlement Agreement. The Bursor Group agrees that it will not seek fees related to its work litigating the "ETF-Related Claims" in any other forum, including a "Related Action," as that term is defined in Article II.35 of the Settlement Agreement, or seek fees beyond those provided for under Article VI.3 of the Settlement Agreement.

*See* Hellman Agreement, Bursor Decl. Exh. 7, ¶ 5. This agreement is fair, reasonable, and proportionate to the amount of work actually done by the members of the Bursor Group, as detailed in the declarations of those counsel submitted herewith, providing detailed summaries of the work done and expenses incurred by those counsel.

## II.     RULE 23(h) AUTHORIZES A FEE AWARD IN THESE CIRCUMSTANCES

Fed. R. Civ. P. 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Under Rule 23(h)(1), "[a] claim for an award must be made by motion under Rule 54(d)(2)." The Advisory Committee Notes to the 2003 Amendments to Rule 23(h) state:

> "[Rule 23(h)] provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the

5

> class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist."

Fed. R. Civ. P. 23(h), Advisory Committee Notes to the 2003 Amendments.

## II.   THE *MILLIRON* AND *HELLMAN* AGREEMENTS PROVIDE FOR THE PAYMENT OF INCENTIVE AWARDS TO HELLMAN *ET AL.*

Article VI.4 of the *Milliron* settlement agreement provides for the payment of incentive awards up to $1,000 to each of the named plaintiffs for serving as class representatives in this action. The *Hellman* agreement further provides that T-Mobile would support the intervention of Hellman *et al.* as class representatives in *Milliron*, and that Hellman *et al.* may make an application to be heard at the Final Approval Hearing for reasonable incentive awards to be paid out of the Common Fund in an amount not to exceed one thousand dollars ($1,000) each, as set forth in Article VI.4 of the *Milliron* Stipulation And Agreement Of Settlement. In other words, the proposed intervenors would have the same right to an incentive award as the existing *Milliron* class representatives. Consistent with that agreement, Hellman *et al.* have moved to intervene in this action, and it is expected that motion will be unopposed. Hellman *et al.* are authorized to apply and hereby do apply for incentive awards in the amount of $1,000 each. These incentive awards are reasonable to compensate Hellman *et al.* for their time and effort in representing the class in the *Hellman* action, and in connection with their efforts to improve the *Milliron* settlement and to support its approval. Each of these class representatives was required to review significant filings in the *Hellman*, *Vaughan*, and *Milliron* actions, and to confer with counsel to advocate the interests of class members. The proposed incentive awards are reasonable in amount in light of the efforts and service that Hellman *et al.* have devoted to the class.

**Conclusion**

For the foregoing reasons, the Court should provide for incentive awards of $1,000 each to Gary Hellman, Tamara Ruiz, and Margaret Gripaldi. Consistent with the *Milliron* and *Hellman* agreements, the Court should also award attorneys' fees and expenses to the Bursor Group in the amount of $1.8 million (comprising 40% of the total *Milliron* fee award), including $21,890.90 in expenses and $1,778,109.10 in attorneys' fees.

# PINILISHALPERN, LLP

Dated:   July 17, 2009                By: */s/ William J. Pinilis*

William J. Pinilis
237 South Street
Morristown, NJ  07960
Telephone: (973) 401-1111
Facsimile:  (973) 401-1114
wpinilis@consumerfraudlawyer.com

FARUQI & FARUQI, LLP
Nadeem Faruqi
Anthony Vozzolo
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
nfaruqi@faruqilaw.com
avozzolo@faruqilaw.com

David Pastor
GILMAN AND PASTOR, LLP
63 Atlantic Avenue, Third Floor
Boston, MA 02110
Tel.:  (617) 742-9700
Fax:  (617) 742-9701
dpastor@gilmanpastor.com

LAW OFFICES OF SCOTT A. BURSOR
Scott A. Bursor
369 Lexington Avenue, 10th Floor
New York, NY  10017-6531
Telephone:  (212) 989-9113

7

        Facsimile:  (212) 989-9163
        scott@bursor.com

        *Attorneys for Proposed Intervenors Gary Hellman, Tamara Ruiz, Margaret Gripaldi*